IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,937-03






EX PARTE DOUGLAS ALAN DANZER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9815138A IN THE 8TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child and originally received ten years' deferred adjudication community supervision.
His guilty was later adjudicated, and he was sentenced to sixty years' imprisonment. The Sixth
Court of Appeals affirmed his conviction. Danzer v. State, No. 06-09-00113-CR (Tex. App. -
Texarkana, April 16, 2010, pet. ref'd).

 Applicant contends, inter alia, that his period of community supervision was improperly
extended after it had expired. Although a judgment nunc pro tunc was entered by the trial court on
October 19, 2011, correcting the date of the original judgment from August 13, 1998 to August 27,
1998, there is conflicting information in the record regarding the date upon which Applicant's ten
years of community supervision were to begin. If the period of community supervision began on
August 13, 1998, as the order of probation states, then Applicant should have discharged his
community supervision before the trial court entered the order extending the period of community
supervision for an additional ten years, on August 20, 2008. Applicant alleges that he was not
notified of the proceedings that led to the extension of his community supervision, and that he did
not retain the attorney who signed the order extending his community supervision. 

 Applicant also alleges that his trial counsel rendered ineffective assistance because counsel
failed to advise him that his period of community supervision might be extended, and that his
adjudication counsel and appellate counsel were ineffective for failing to raise the issue of the
improper extension of the period of community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain affidavits from Applicant's original trial counsel, the attorney who signed the order
extending the period of community supervision, Applicant's adjudication counsel, and appellate
counsel, responding to Applicant's claims of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with transcripts of the original plea
proceedings, any hearing on the State's motion to extend the period of Applicant's community
supervision, and the adjudication proceedings in this case. The trial court shall also supplement the
record with any documents that were reviewed by the court in making the decision to enter the
judgment nunc pro tunc to change the date of the original judgment. 

 The trial court shall make findings of fact as to whether Applicant was notified of the State's
motion to extend the period of community supervision, and if so, whether he was given the
opportunity to be heard as to whether the period should be extended. The trial court shall make
findings as to whether the attorney who signed the order extending the period of community
supervision consulted with Applicant regarding the extension, and whether that attorney was aware
of the possibility that Applicant had discharged his period of community supervision before the
motion to extend the period was heard. 

 The trial court shall make findings as to whether Applicant's original trial counsel advised
him of the consequences of the plea, including the possibility of having the period of community
supervision extended. The trial court shall make findings as to whether Applicant's counsel at
adjudication was aware of any issue with respect to the extension of Applicant's period of
community supervision, and as to what advice counsel gave Applicant regarding his plea to the
State's motion to adjudicate. 

 The trial court shall also make findings as to whether Applicant's appellate counsel was
aware of any issue with respect to the extension of Applicant's period of community supervision,
and if so, why appellate counsel did not raise such issue on direct appeal.

 The trial court shall make findings as to whether the performance of Applicant's trial
attorney, adjudication attorney, and appellate attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 14, 2011

Do not publish